UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES ALIMENA and
CHERYL ALIMENA,

          NO. CIV. S-12-0901 LKK/JFM

    Plaintiffs,

  v.

          O R D E R

VERICREST FINANCIAL, INC.;
CITIMORTGAGE, INC., LSF7
NLP VI TRUST; CR TITLE
SERVICES, INC.; LOAN STAR
FUND, and DOES 1 through 50,
inclusive,

    Defendants.
_____/

    Pending before the court are two motions to dismiss plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6), one brought by defendants Lone Star U.S. Acquisitions, LLC, Vericrest Financial, Inc., and LSF7 NPL VI Trust (ECF no. 6), and the other by defendants Citimortgage, Inc. and C.R. Title Services, Inc. (ECF no. 10).

    Plaintiffs filed a First Amended Complaint (ECF no. 11) and shortly thereafter, oppositions to the motions to dismiss (ECF nos. 16, 18). The First Amended Complaint was filed three days too late

1

to qualify as an amendment as a matter of course under Fed. R. Civ. P. 15(a)(1)(B). Defendants objected to plaintiffs' First Amended Complaint as untimely, and as having been filed with neither defendants' consent nor by leave of the court. (ECF nos. 12, 13.)

The Federal Rules provide that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). As the Ninth Circuit has explained, however, demonstrating that justice requires amendment "becomes progressively more difficult . . . as litigation proceeds toward trial." Byrd v. Guess, 137 F.3d 1126, 1131 (9th Cir.), cert. denied, 525 U.S. 963, 119 S.Ct. 405 (1998). Subsequent to a scheduling order prohibiting further amendment, the moving party must demonstrate "good cause." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). Once a final pretrial order has been entered, "modifications are allowed 'only to prevent manifest injustice.'" Byrd, 137 F.2d at 1331-32 (citing Fed. R. Civ. P. 16(e)).

Under Ninth Circuit precedent, four factors are pertinent to resolution of a motion to amend: (1) the degree of prejudice or surprise to the non-moving party if the order is modified; (2) the ability of the non-moving party to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification. See Byrd, 137 F.3d at 1132 (citing United States v. First Nat'l Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981)).

Prejudice to the opposing party is the most important factor

1  to consider in determining whether a party should be granted leave
2  to amend. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th
3  Cir. 1990)(citing Zenith Radio Corp. v. Hazeltine Research, Inc.,
4  401 U.S. 320, 330-31 (1971)). Prejudice may be found where
5  additional discovery would be required because the new claims are
6  based on different legal theories. See Jackson, 902 F.2d at 1387-
7  88 (citing Priddy v. Edelman, 883 F.2d 438, 447 (6th Cir. 1989)).
8      Here, the litigation is at an early stage, no pretrial
9  scheduling conference has yet been held, and to the court's
10 knowledge, no discovery has been conducted. The prejudice to
11 defendants in allowing plaintiffs to file their amended complaint
12 ought to be minimal, and will not disrupt the court's orderly and
13 efficient conduct of the case. Byrd, 137 F.3d at 1132. The court
14 also finds no bad faith on plaintiffs' part. Id. The court will
15 therefore *sua sponte* treat plaintiffs' filing of the First Amended
16 Complaint as a motion to file an amended complaint under Fed. R.
17 Civ. P. 15(a)(2), and grant this motion.
18     Accordingly, the court orders as follows:
19     [1] Plaintiffs' First Amended Complaint (ECF no. 11) is
20         DEEMED the operative complaint in this action.
21     [2] Defendants Lone Star U.S. Acquisitions, LLC, Vericrest
22         Financial, Inc., and LSF7 NPL VI Trust's motion to dismiss
23         plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6) (ECF no.
24         6) is DENIED as moot.
25     [3] Defendants Citimortgage, Inc. and C.R. Title Services,
26         Inc.'s motion to dismiss plaintiffs' complaint under Fed. R.

1   Civ. P. 12(b)(6) (ECF no. 10) is DENIED as moot.
2   IT IS SO ORDERED.
3   DATED: October 26, 2012.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT