```
                    UNITED STATES DISTRICT COURT

                 FOR THE EASTERN DISTRICT OF CALIFORNIA


CHARLES ALIMENA and
CHERYL ALIMENA,
                                        NO. CIV. S-12-0901 LKK/JFM
        Plaintiffs,

    v.
                                        O R D E R
VERICREST FINANCIAL, INC.;
CITIMORTGAGE, INC., LSF7
NLP VI TRUST; CR TITLE
SERVICES, INC.; LOAN STAR
FUND, and DOES 1 through 50,
inclusive,

        Defendants.
                                    /
```

Pending before the court are two motions to dismiss Plaintiffs' Second Amended Complaint under Fed. R. Civ. P. 12(b)(6), one brought by defendants Vericrest Financial, Inc., Lone Star U.S. Acquisitions, LLC, and LSF7 NPL VI Trust ("Vericrest Defendants") (ECF No. 42), and the other by defendants Citimortgage, Inc. and C.R. Title Services, Inc. ("Citi Defendants") (ECF No. 45). These motions are currently set for hearing on March 25, 2013 at 10:00 a.m.

////

1    Having reviewed the parties' submissions in support of, and
2 in opposition to, the motions, the court has determined that it
3 requires further briefing on one issue.
4    Judicial notice is taken of that certain deed of trust,
5 recorded on July 25, 2005, naming Plaintiffs as borrower, Wilson
6 Resources as lender, Advantage Title, Inc. as trustee, and Mortgage
7 Electronic Registration Systems, Inc. ("MERS") as beneficiary
8 ("Deed of Trust"). (Vericrest Defendants' Request for Judicial
9 Notice ("RJN") Ex. 1, ECF No. 43.)
10    Plaintiffs allege that, since July 2005, defendant Lone Star
11 has been the sole owner of the promissory note securing their home
12 loan (SAC ¶¶ 145, 153), as well as the true beneficiary under the
13 Deed of Trust (SAC ¶ 153). But neither the documents attached to
14 the complaint, nor those documents of which the Vericrest
15 Defendants request judicial notice indicate that Lone Star
16 succeeded to MERS's beneficial interest under the Deed of Trust.
17 The court infers that no instrument documenting the alleged
18 transfer has been recorded against the subject property.
19    Plaintiffs' eighth cause of action alleges that the
20 foreclosure on their home loan was unlawful as, *inter alia*, MERS
21 assigned its beneficial interest under the Deed of Trust to
22 Citimortgage; Citimortgage, in turn, substituted C.R. Title as the
23 Trustee under the Deed of Trust; and C.R. Title, in turn, issued
24 the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed
25 Upon Sale. Under Plaintiffs' theory, C.R. Title lacked the
26 authority to issue these instruments, because only Lone Star, as

the true beneficiary under the Deed of Trust, had the authority to assign the beneficial interest thereunder.

The court wishes further briefing on one point: under California law, could the beneficial interest under the Deed of Trust have been lawfully assigned in an unrecorded document? Specifically, would it have been lawful for MERS to assign its entire beneficial interest under the Deed of Trust to Lone Star without recording the transfer with the Sacramento County Recorder's Office?

The court orders as follows:

[1] The parties are DIRECTED to file opening briefs on the specified issue no later than April 1, 2013, and reply briefs no later than April 8, 2013. Plaintiffs' briefs may be no more than eight pages in length. Defendants may jointly file briefs no more than eight pages in length; or, if the Citi Defendants and Vericrest Defendants each wish to file their own briefs, each group's briefs may be no more than four pages in length.

[2] The hearing on Defendants' motions, currently set for March 25, 2013 at 10:00 a.m., is CONTINUED until April 22, 2013 at 10:00 a.m.

IT IS SO ORDERED.

DATED: March 21, 2013.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT