UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ALIMENA and CHERYL AMIMENA,<br><br>            Plaintiffs,<br><br>      v.<br><br>VERICREST FINANCIAL, INC.; CITIMORTGAGE, INC., LSF7 NLP VI TRUST; CR TITLE SERVICES, INC.; LOAN STAR FUND, and DOES 1 through 50, inclusive,<br><br>            Defendants. | No.   CIV. S-12-0901 LKK/JFM<br><br><br>**ORDER** |

    Pending before the court is defendants Vericrest Financial, Inc. and LSF7 NPL VI Trust's motion to modify or dissolve the preliminary injunction enjoining the sale of plaintiffs' home. (ECF No. 61.) After reviewing the parties' filings in support of, and in opposition to, the motion, the court had ordered plaintiffs to file under seal declarations that, *inter alia*, set forth their month-by-month expenses, including attorney's fees and legal costs, on this case to date. (Order, Oct. 1, 2013, ECF No. 81.) Plaintiffs have so filed.

1

1    Courts have inherent power to modify preliminary
2    injunctions. "The source of the power to modify is . . . the fact
3    that an injunction often requires continuing supervision by the
4    issuing court and always a continuing willingness to apply its
5    powers and processes on behalf of the party who obtained that
6    equitable relief." Sys. Fed'n No. 91 Ry. Emps. Dep't v. Wright,
7    364 U.S. 642, 647 (1961). See also A & M Records v. Napster,
8    Inc., 284 F.3d 1091, 1098 (9th Cir. 2002) ("A district court has
9    inherent authority to modify a preliminary injunction in
10   consideration of new facts."). The court's discretion to modify
11   injunctions is "wide." Wright, 364 U.S. at 648. In this district,
12   Local Rule 231(e) allows an affected party to apply to the court
13   for modification or dissolution of a preliminary injunction.
14      Having reviewed the plaintiffs' submissions and weighed the
15   equities at issue, the court determines that, first, it is
16   reasonable for plaintiffs to make future mortgage, tax, and
17   insurance payments on the subject property, and second, assuming
18   that the allegations in their complaint are true, it appears that
19   plaintiffs are in the position of having to pay on-going legal
20   fees and costs solely as a result of defendants' allegedly-
21   unlawful conduct.
22      In light of the foregoing, the court hereby orders as
23   follows:
24      [1] Defendants' motion to dissolve the preliminary
25          injunction herein is DENIED.
26
27      [2] Defendants' motion to modify the preliminary injunction
28          herein is GRANTED under the following terms:

2

1       [a] Beginning in December 2013, plaintiffs are to send
2       payments of $1667.00 (*i.e.*, the lesser of the amounts
3       they contend they were promised as a monthly mortgage
4       payment pursuant to a loan modification with defendant
5       Citimortgage, Inc.) to their counsel every month until
6       this lawsuit is resolved. Upon receipt, plaintiffs'
7       counsel is to withhold the amount of its fees and costs
8       for that month, and forward the remainder to counsel
9       for defendant Vericrest Financial, Inc., postmarked no
10      later than December 25, 2013, and the twenty-fifth day
11      of every month thereafter until this lawsuit is
12      resolved. If plaintiffs' legal fees and costs for a
13      given month exceed $1667.00, plaintiffs' counsel is to
14      instead send a letter to that effect to Vericrest's
15      counsel by the same deadline.

17      [b] Plaintiffs are hereby responsible for all future
18      property tax and home insurance payments due on the
19      subject property. Counsel for the parties are directed
20      to meet-and-confer within fourteen (14) days of
21      docketing of this order in order to make arrangements
22      for plaintiffs' timely and accurate payment of these
23      amounts. Defendants must seek leave of the court to
24      increase the cost of the home insurance on the subject
25      property by more than ten (10) percent over the
26      previous year's cost. Plaintiffs may obtain less-
27      expensive home insurance so long as the coverage on the

3

1              policy is at least equivalent to the policy currently
2              in force on the property.
3
4              [c] If plaintiffs and their counsel do not satisfy the
5              conditions set forth above, defendants may apply to the
6              court for permission to commence sale proceedings on
7              the subject property.
8         IT IS SO ORDERED.
9         DATED:   October 15, 2013.

13         _____
           LAWRENCE K. KARLTON
           SENIOR JUDGE
14         UNITED STATES DISTRICT COURT